Robert GWATHMEY and William Durham, suing on his own behalf and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

TOWN OF EAST HAMPTON et al., Defendants-Appellees.

No. 326, Docket 35160.

United States Court of Appeals, Second Circuit.

Submitted March 13, 1975.

Decided March 20, 1975.

Before LUMBARD, WATERMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Our decision in this case dated December 24, 1970, 437 F.2d 351, was remanded by the Supreme Court on July 8, 1974, for reconsideration in light of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

Plaintiffs initially sought the convening of a three-judge court to consider the constitutionality of N.Y.Gen.Bus.Law § 136(a) and an injunction against the prosecution of Gwathmey who had been arrested for violating that statute and who was then free on bail pending a hearing. The district court denied both requests.

Since we found the New York statute to be unconstitutional in Long Island Vietnam Moratorium Comm. v. Cahn, 437 F.2d 344 (2d Cir. 1970), affd., 418 U.S. 906, 94 S.Ct. 3197, 41 L.Ed.2d 1153 (1974), there is no reason to convene a three-judge court. However, in light of *Younger* and *Samuels*, we now affirm the district court's refusal to enjoin an ongoing state criminal proceeding.